IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER BAILEY, | No. C 11-04306 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| U.S.D.C., | |
| Respondent. | |
| _____ / | (Docket No. 3) |

Petitioner, a proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that when he was housed by the U.S. Marshals from the Northern District, he received treatment for mesothelioma and spinal bifida; Petitioner does not specify when or where this period of confinement occurred. Petitioner wants the record of his treatment plan sent to the jail, that the jail follow the treatment plan, and lastly that he "be released within a 30 day supply of those medications in accordance with Federal guidelines for C.J.M.H." (Pet. at 2.) These claims are clearly challenging the conditions and terms of his of confinement.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a

1  § 1983 action proper, where a successful challenge to a prison condition will not necessarily
2  shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)
3  (implying that claim, which if successful would "necessarily" or "likely" accelerate the
4  prisoner's release on parole, must be brought in a habeas petition).  The preferred practice in
5  the Ninth Circuit has been that challenges to conditions of confinement should be brought in
6  a civil rights complaint.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights
7  action is proper method of challenging conditions of confinement); Crawford v. Bell, 599
8  F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that
9  challenges to terms and conditions of confinement must be brought in civil rights complaint).
10        Accordingly, the Court will dismiss this habeas action without prejudice because
11 Petitioner's claims do not challenge the legality of his detainment under § 2254.  Instead,
12 Petitioner's claims concern the conditions of confinement at Santa Rita Jail.  Petitioner's
13 claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C.
14 §1983.  Petitioner may choose to file a civil rights complaint in a new case on the enclosed
15 civil rights complaint form.

## CONCLUSION

18        For the reasons state above, the instant petition for writ of habeas corpus is
19 DISMISSED without prejudice.  Petitioner's motion for leave to proceed in forma pauperis,
20 (Docket No. 3), is GRANTED.
21        The Clerk shall send Petitioner two copies of the court's form complaint with a copy
22 of this order to Petitioner.
23        This order terminates Docket No. 3.

25 DATED: _____2/6/2012_____        _____
                                         EDWARD J. DAVILA
26                                       United States District Judge

Order of Dismissal; Granting IFP
N:\Pro - Se & Death Penalty Orders\February 2012\11-04306Bailey_dism-2m.wpd      2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER MARSHALL,

        Plaintiff,

  v.

U.S. DISTRICT COURT et al,

        Defendant.

Case Number: CV11-04306 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alexander Bailey 873
Santa Rita Jail
5325 Broder Blvd
Dublin, CA 94568

Dated: February 8, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk